IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRAIG D. BUTLER,<br><br>    Plaintiff,<br><br>v.<br><br>THE NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA; JAMES DERWINSKI; individual & official capacity Chief of Mechanical Dept.; ART OLSEN, Mechanical Dept. Director, individual & official capacity; SHON GEORGE, Supt. Mechanical Dept., individual & official capacity,<br><br>    Defendants. | No. 17 C 007860<br><br>Honorable Judge Rebecca R. Pallmeyer<br><br>Magistrate Judge Sheila M. Finnegan |

**DEFENDANTS' MOTION TO DISMISS THE AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COME the Defendants, NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA ("Metra"), a municipal corporation, and JAMES DERWINSKI, ("Derwinski"), ART OLSEN, ("Olsen"), SHON GEORGE, ("George"), ("Defendants"), by and through their counsel of record, Minya L. Coleman, and move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), stating:

**Introduction**

Plaintiff filed a four count Amended Complaint ("Amended Complaint" Dkt.37), alleging violations under Title VII of the Civil Rights Act of 1964 (Count I, "Title VII"), Racial Discrimination/Harassment in Violation of 42 U.S.C. §1983 (Count II, "§1983"), Retaliation in Violation of Title VII and Section 1983 (Count III, "Retaliation"), and Disability Discrimination in Violation of Americans with Disability Act of 1990 ("Count IV, "ADA") against Metra (for "indemnification only," Amended Complaint, ¶6), and the individual defendants in their individual and

official capacities: Derwinski, former Chief Mechanical Officer and current CEO/Chief Executive of Metra; Olsen, Metra's now retired Director of Milwaukee Mechanical Department; and George, former Superintendent of Mechanical Department and current Director of Milwaukee District Mechanical Department.  Defendants now seek dismissal under Federal Rule of Civil Procedure 12(b)(6) of the Amended Complaint based on plaintiff's failure to state claims upon which relief can be granted.

The Amended Complaint contains insufficient facts to state plausible claims for racial discrimination or retaliation under Title VII or Section 1983 and disability related discrimination under the Americans with Disabilities Act. Plaintiff's Title VII claims are premised on boilerplate, conclusory language, which do not put defendants on notice of the subject matters at issue. Plaintiff's 1983 claims are also not cognizable against the three individual defendants, as plaintiff has not identified the constitutional violations at issue or pled sufficient facts to support his claims against the individual defendants. The complaint also does not sufficiently allege the personal involvement of each of the three individual defendants to hold them liable under Section 1983.  Additionally, the Amended Complaint identifies claims that are both time barred and beyond the scope of Plaintiff's EEOC Charge of Discrimination.  Further, the Amended Complaint alleges Metra is party to this case solely for indemnification, but provides no basis for this claim. Finally, the Complaint is devoid of any basis for the claims for intentional infliction of emotional distress.

### **Rule 12(b)(6) Standard**

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts that, when accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). A pleading that offers nothing more than "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (internal quotations

omitted). The complaint still needs to set forth enough factual specificity to causally connect Plaintiff's claim to his alleged injury. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

   I.   **PLAINTIFF TITLE VII CLAIMS SHOULD BE DISMISSED**

   **A. The Amended Complaint Fails to Allege Sufficient Fact to State claims for Racial Discrimination.**

To state a claim for race discrimination under Title VII of the Civil Rights Act of 1964, a Plaintiff must plead facts to show that (1) he is a member of the protected class, (2) that he performed his job satisfactorily, (3) that he suffered an adverse employment action; and (4) that those outside of his protected class were treated more favorably than him. *Payne v. Milwuakee Cty.*, 146 F.3d 430, 434 (7th Cir. 1998), see also *Peele v. Country Mut. Ins. Co.*, 288 F.3d 319, 326 (7th Cir. 2002). Similarly, to state a claim for race discrimination under 42 U.S.C §1983, plaintiff must plead facts to plausibly suggest that he suffered disparate treatment based on his race in violation of his constitutional rights. *See, Williams v. Seniff*, 342 F.3d 774, 787-788 (7th Cir. 2003).

Plaintiff fails to plead a factual basis for the alleged claims under Title VII and Section 1983 based on race. Plaintiff alleges that he was required to provide medical documentation to support his February 23, 2016 absence due to his illness. (Amended Complaint, Dkt. 37, ¶ 31). Plaintiff further alleges that he was ultimately terminated from his employment with Metra. According to Plaintiff, Metra refused to accept the medical documentation he provided to support his February 23, 2016 sick day absence on the grounds that it was "too vague, electronically signed and unacceptable." (Amended Complaint, Dkt. ¶31, 38, 41). Plaintiff contends that Metra in the past accepted similar medical documentation from his physician without reservation. (Amended Complaint, Dkt., ¶ 38).

The aforementioned allegations do not plausibly set forth any claim that these employment practices were based on Plaintiff's race. Plaintiff alleges no facts to connect the Defendant's refusal to any other facts to indicate that Metra's decision regarding the medical documentation was motivated by race and thus fails to show how the Defendant's action even rises to the level of an unlawful employment action. Similarly, Plaintiff fails to cite to any relevant comparators sufficient to establish that other employees of Metra were treated more favorably than him. At most, the Amended Complaint strings together a loose set of circumstances and conduct from which plaintiff concludes that that his race was the basis for the refusal to accept the medical documentation. Plaintiff's conclusory and threadbare recitals of the elements of a cause of action in conjunction with these allegations, without more, are not sufficient to defeat a motion to dismiss. *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014), *citing*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). Plaintiff has not alleged sufficient facts to state claims for racial discrimination. Consequently, those claims made under Title VII, as well as similar claim made under Section 1983, must be dismissed.

### B. Plaintiff's racial harassment claims are outside the scope of the EEO charge of discrimination.

Plaintiff's claims of racial harassment are barred because they exceed the scope of the EEOC discrimination charge. There are a number of prerequisites to the successful maintenance of a claim under Title VII. *See* 42 U.S.C. § 2000e-5. First, the party must file a charge with the EEOC within the period of time allotted by the statute. Second, the Commission must issue a right to sue letter. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir. 1992). The scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC. *Id*. A plaintiff may only bring claims that are originally included in the EEOC charge or are "reasonably related to the allegations of the EEOC charge and growing out of such allegations." *Lugo v. Int'l Bhd. of Elec. Workers Local #134*, 175 F. Supp. 3d 1026, 1034 (N.D. Ill. 2016) citing *Moore v. Vital Prods., Inc.,* 641 F.3d 253, 256–57

(7th Cir.2011). To be "like or reasonably related" to the allegations in the EEOC charge, the relevant claim " 'must, at minimum, describe the same conduct and implicate the same individuals.' " *Id.* at 1034 quoting *Cheek v. W. & S. Life Ins. Co.,* 31 F.3d 497, 501 (7th Cir.1994). An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination. *Rush* at 1110.

In his "Charge of Discrimination" (Amended Complaint, Exhibit. A), Plaintiff makes no mention of harassment on account of his race. He merely states that he was required to provide a note from his physician to support his February 23, 2016 absence and was later informed that the documentation provided was insufficient, leading to his termination on April 22, 2016. Exhibit A to the Amended Complaint contains no allegations of racial harassment. The Title VII claims based on harassment must therefore be dismissed. See *Smith v. Rosebud Farmstand*, 909 F. Supp. 2d 1001, 1005 (N.D. Ill. 2012) (Racial harassment claim was beyond the scope of the plaintiff's charge where plaintiff included a specific race discrimination claim in her charge but failed to include any reference to racial harassment).

**C. Plaintiff fails to state a cause of action for harassment**

Assuming that Plaintiff's allegations of harassment fall within the scope of his EEOC charge of discrimination, Plaintiff failed to provide any factual basis to support allegations of harassment or hostile work environment. The Supreme Court recognized that hostile environment harassment claims are cognizable under Title VII for discrimination on the basis of race and ethnicity. *Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65–66 (1986). The court identified a six step approach analyzing racial harassment claims under Title VII: (1) the employee belongs to a protected group; (2) the employee was subject to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition or privilege of employment; (5) Plaintiff must be able to prove that the employer knew or should have known of the harassment and failed to take prompt

remedial action; and (6) the employee acted reasonably under the circumstances. *Daniels v. Essex Grp., Inc.*, 937 F.2d 1264, 1270–71 (7th Cir. 1991).

None of the allegations in the Amended Complaint suggest that Plaintiff was subjected to any kind of harassment based on his race. Plaintiff's Amended Complaint acknowledges he was on a Step 5 Disciplinary status, whereby any future malfeasance by Plaintiff would trigger immediate termination. (Amended Complaint, Dkt. ¶23, 25). Plaintiff alleges he was required to provide medical documentation in support of his absence, and ultimately fired for failure to provided sufficient documentation. (Amended Complaint, Dkt. 37, ¶ 38, 42). However, the Amended Complaint fails to identify any facts to support a claim that such requirement of sufficient medical documentation was Defendants' method of harassing the Plaintiff. Plaintiff fails to identify the type of conduct he believes constitutes harassment based upon race, and who allegedly performed the conduct that rose to the level of the alleged "harassment." Additionally, the Amended Complaint provides insufficient allegations that any management decision maker played a role in the harassment, or that plaintiff's managers were made aware of the harassment and failed to act or take prompt remedial action. At best, the allegations indicate that Plaintiff was terminated as a result of not providing the required sufficient medical documentation. Therefore, any claims of racial harassment must be dismissed.

### D. The Complaint fails to Sufficiently Allege a Retaliation Claim.

The Amended Complaint similarly fails with respect to Plaintiff's claims of unlawful retaliation. While the court must accept the well-pleaded facts in the Amended Complaint as true, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumptive truth. *McCauley. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). To state a claim for retaliation, plaintiff must allege that he suffered a material adverse employment act *because of* his protected activity. See *University of Texas Southwestern Med. Center v. Nassar*, 133 S. Ct. 2517, 2534

(2013) (holding that "because" means "but for" causation for retaliation claims); *See*, *Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012)(There must be a causal connection between the alleged violation and the materially adverse action).

The allegations pertaining to Plaintiff's retaliation claim (Amended Complaint ¶ 16, 43) states that Plaintiff engaged in a protected activity when he filed an unlawful discrimination charge against Defendant arising from his alleged wrongful termination on August 8, 2013. Plaintiff further contends that Defendant's retaliation against him was in response to Plaintiff having had his employment reinstated with Metra following the August 8, 2013 termination. However, these claims amount to nothing more than conclusory representations of what Plaintiff perceives to be the basis for his 2016 termination. The Amended Complaint fails to include any additional facts to connect Plaintiff's 2013 reinstatement of employment to his subsequent 2016 termination. As such, the allegations in support of the retaliation claim do not rise to a level to plausibly suggest that the 2016 termination was in any way caused by or related to Plaintiff's 2013 engagement in a protected activity or his success thereof. Therefore, the retaliation claims should also be dismissed.

### E. Plaintiff's Claims of Discrimination Occurring prior to September 19, 2015 Are Barred by the Applicable Statute of Limitations.

Counts I, II, and IV of Plaintiff's Amended Complaint he alleges that during the tenure of his employment "he was victimized by each of the Defendants" due to his race and disability, (Amended Complaint, Dkt. 37, ¶49, 61, 70). As plead, the Amended Complaint refers to events that occurred well outside the statute of limitations for Title VII claims. Any claims brought under Title VII require that a charge be filed within 300 days of an unlawful employment practice. 42 U.S.C. §2000e-5(e)(1); *Tinner v. United Ins. Co. of Am.* 308 F.3d 697, 707 (7th Cir. 2002). Plaintiff began his employment with Metra on November 4, 2011. Plaintiff commenced his claims under Title VII on July 15, 2016 specifically addressing the April 22, 2016 termination and the underlying February

23, 2016 sick day medical documentation giving rise thereto. In accordance with the prescribed statute of limitations for Title VII claims, which requires filing within 300 days of the unlawful employment practice, any claims of discrimination arising from occurrences prior to September 19, 2015 are barred for any Title VII claims made in the Amended Complaint. Moreover, any such claims are further barred as they fall outside the scope of Plaintiff's EEOC Charge of Discrimination.

### F. The Title VII claims against individually named defendants are not cognizable.

Title VII authorizes suit only against the employer as an entity rather than against individuals who are agents of the employer. *Passananti v. Cook Cty.*, 689 F.3d. 655, 677 (7th Cir. 2012) citing *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995); *Lugo v. Int'l Bhd. of Elec. Workers Local #134*, 175 F. Supp. 3d 1026, 1033 (N.D. Ill. 2016). Title VII does not provide for individual liability. *Lugo,* 175 F.Supp.3d at 1033. Any claims under Title VII against the four individual defendants, Derwinski, Olsen, George, are not actionable and should be dismissed with prejudice.

### II. PLAINTIFF'S FAILS TO STATE CLAIMS UNDER §1983

#### A. Plaintiff Fails to State Claims against the Individual Defendants.

A claim brought under §1983 must allege the deprivation of a specific right under the Constitution or federal law. *Odogba v. Wisconsin Dept. of Justice*, 22 F.Supp.3d 895, 907 (7th Cir. 2014). Section 1983 does not create any substantive rights; it merely provides remedies for deprivations of rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816, 105 S.Ct. 2427, 2432 (1985). Although the Amended Complaint makes claims against the three individual defendants in their "official and individual" capacities, it does not identify what constitutional or statutory rights are at issue or were violated. The Amended Complaint purports to only claim "violations" of Section 1983 (See Counts II and III). Without identification of a violation of any specific constitutional right, Plaintiff's §1983 claims must fail as to all the Defendants including Metra.

Moreover, Plaintiff does not sufficiently allege any personal involvement of Defendants, Derwinski or George in violating plaintiff's rights or through their roles in the alleged adverse employment action. Plaintiff simply alleges that "Derwinski either initiated or validated the actions taken by his subordinates" (George and Olsen). Amended Complaint, ¶150. Section 1983 claims against individuals must be based on personal involvement. *Kuhn v. Goodlow*, 678 F.3d 552, 556 (7th Cir. 2012), *Brown v.* Dart, 2017 WL 321217 (N.D.Ill 2017). While Plaintiff alleges that Defendant Olsen participated as a witness in the underlying disciplinary action hearing and acted as the ultimate decision maker in not accepting the medical documentation provided by Plaintiff, the Amend Complaint yet still fails to identify what constitutional violation is at issue in relation to Defendant Olsen's participation and/or decision. As such, none of these allegations are sufficient to hold any of these three defendants personally liable for denying Plaintiff an unspecified constitutional right under Section 1983. Additionally, the same arguments raised above as to the inadequacy of Plaintiff's Title VII race discrimination apply equally to the complaint's Section 1983 allegations.

Plaintiff also brings §1983 claims against individually named Metra employees in their "official capacities." Claims based on "official capacity" are in essence claims against the government entity. *Tom Beu Xiong v. Fischer*, 787 F.3d 389 (7th Cir. 2015). Plaintiff's allegations fails to allege any facts to support claims against these individuals as final policymakers for Metra. Thus, the official capacity claims against the three individually named defendants should be dismissed.

**B.     The Amended Complaint fails to allege a Section 1983 Claim against Metra.**

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality can be held liable under 42 U.S.C. § 1983 only when the constitutional deprivation is caused by the municipality's own conduct. *Id*. at 694. A *Monell* claim is directed at the municipality itself, alleging that a policy, practice, or custom was the "moving force" behind plaintiff's constitutional

depravation. *Bd. of Cnty. Comm'ns v. Brown*, 520 U.S. 397, 400 (1997). A municipality cannot be held liable based on a theory of *respondeat superior* but rather can be held liable only when the constitutional deprivation is caused by the municipality's own conduct.

In order to establish municipal liability, plaintiff must establish that the injuries alleged were caused by an express municipal policy, a person with final policymaking authority, or common municipal practice so widespread and well-settled that it constitutes a custom or usage with the force of law. *Lawrence v. Kenosha County*, 391 F.3d 837, 844 (7th Cir. 2002). A *Monell* claim is directed at the municipality itself, alleging that a policy, practice, or custom was the moving force behind plaintiff suffering a constitutional deprivation. *See*, *Waters v.* Chicago, 580 F.3d 575, 580-581 (7th Cir. 2009). It is well settled that to state a *Monell* claim post-*Iqbal*, the plaintiff must plead factual content allowing the court to draw the reasonable inference that the municipality maintains the problematic policy or practice in question. *McAuley v. City of Chicago*, 671 F.3d 611 (7th Cir. 2011). For purposes of determining §1983 liability under *Monell,* Defendant Northeast Illinois Regional Commuter Rail Corporation d/b/a "Metra" is a local public entity under Illinois law. *Maldonado v. Metra*, 734 F.Supp.563 (N.D .Ill.1990) (Norgle J.), *DeReal v. Northeast Illinois Regional R.R. Corp.*, 404 Ill.App.3d 65, 934 N.E.2d 574 (1st Dist.2010).

In the present case, Plaintiff fails to include any substantial allegations to hold Metra liable under Section 1983. Plaintiff fails to allege or even suggest a pattern, practice or policy employed by Defendant causing the unspecified constitutional deprivation. The recitation of Plaintiff's employment reinstatement terms does not establish sufficient facts necessary to support a Section 1983 claim against Metra, as a single incident involving the Plaintiff is insufficient to plead a plausible 1983 claim. Plaintiff fails to identify other instances of when Metra may have allegedly applied this official policy, custom, or practice. Accordingly, the claim should be dismissed.

### C. The §1983 Claims are Barred by the Applicable Statute of Limitations.

In order to determine the statute of limitations for §1983 action, the federal court must adopt the forum state's statute of limitations applicable to personal injury claims. *Ashafa v. City of Chicago*, 146 F.3d 459 (7th Cir. 1998), citing *Owens v. Okure*, 488 U.S. 235 (1989). The appropriate statute of limitations for §1983 cases filed in Illinois is two (2) years. *Id.* Plaintiff filed his complaint on November 20, 2017. Therefore, any allegations of regarding events which occurred prior to November 20, 2015, including the allegations regarding the August 8, 2013 termination and subsequent September 5, 2014 employment reinstatement terms, (Amended Complaint ¶¶ 16, 17, 20) are barred by the statute of limitations.

### III. PLAINTIFF CANNOT RECOVER PUNITIVE DAMAGES AGAINST A GOVERNMENTAL ENTITY

A plaintiff cannot recover punitive damages against a governmental agency. 42 U.S.C. 1981a(b)(1); 42 U.S.C. 42 U.S.C. § 1983; *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247 (1981). Thus, Plaintiff's claim for punitive damages alleged in the prayer for relief as to Metra must be stricken.

### IV. STATE CLAMS OF INTENTIONAL INFLICTION OF EMOTIONAL AND FINANCIAL HARM

Plaintiff Amended Complaint includes a one line reference under the heading "Nature of the Claim" (Amended Complaint ¶ 10) to alleged a state law claims for intentional infliction of emotional distress and financial harm. Aside from these allegations, the Complaint provides no facts or separate counts regarding these claims. Therefore, the purported claims for intentional infliction of emotional and financial harm should be stricken and dismissed.

### V. PLAINTIFF'S CLAIMS ARE PRE-EMPTED BY RAILWAY LABOR ACT

Any of Plaintiff's claims that implicate the collective bargaining agreement are preempted by the Railway Labor Act ("RLA"). 42 U.S.C. §151; 45 U.S.C. §153. The RLA governs the each of the

separate and distinct Collective Bargaining Agreement ("CBA") between the International Brotherhood of Electrical Workers – Mechanical Department (plaintiff's former union) and International Brotherhood of Electrical Workers – Electrical Department (Plaintiff's current union) and Metra. 45 U.S.C. §§ 151 *et seq*. The RLA requires arbitration as the exclusive forum for resolving disputes involving "interpretation or application" of collective bargaining agreements, also referred to as minor disputes. 45 U.S.C. § 153 First (i). *Hawaiian Airlines v. Norris*, 512 U.S. 246, 251 (1994); 45 U.S.C. § 151a; *Brown v. Illinois Central Railroad,* 254 F.3d 654, 658 (7th Cir. 2001) (citing *Monroe v. Missouri Pacific R.R. Co.,* 115 F.3d 514, 519 (7th Cir. 1997), and *Coker v. Trans World Airlines, Inc.,* 165 F.3d 579, 583 (7th Cir.1999) (stating that "[t]he distinguishing feature of a minor dispute is that the dispute can be conclusively resolved by interpreting the existing CBA").

The RLA precludes claims brought pursuant to various federal civil rights statutes, including Title VII and §1983, if the claim is inextricably tied to the interpretation of a collective bargaining agreement, as is the claim for relief sought by Plaintiff in the instant case. *Caldwell v. Norfolk Southern Corp.,* No. 96-443P, 1998 WL 1978291, at *5 (W.D.N.C. March 3, 1998) (Title VII race discrimination claim precluded); and *Everette v. Union Pacific R.R.,* No. 04-5428, 2006 WL 2587927, at *4 (N.D.Ill. Sept. 5, 2006) (Title VII and § 1981 claims precluded). Plaintiff alleges that upon his reinstatement in 2014, he "was denied back pay or any of the benefit time he had accumulated up to the date of his prior termination." Amended Complaint ¶20. He further alleges that he was not properly awarded sick time and was placed on a permanent Step 5 Disciplinary Status, a practice that was inconsistent with prior adjudications of discipline. *Id*. ¶21-28. Plaintiff's claims are inextricably tied to the terms and conditions of his collective bargaining agreement. To the extent Plaintiff's claims involve disputes over the interpretation of a collective bargaining agreement in such matters as "transfers" between different

unions, pay, seniority, and/or benefits, Plaintiff's claims are pre-empted by the RLA and must be dismissed.

### VI. PLAINTIFF FAILS TO ALLEGE THE FUNDAMENTAL ELEMENTS OF ANY DISCRIMINATION CLAIMS UNDER THE ADA OR TITLE VII.

Plaintiff alleges disability discrimination in violation of the ADA. The ADA prohibits employers from discriminating against disabled employees because of their disability. 42 U.S.C. §12112(a). To prevail on an ADA claim, a plaintiff must show that (1) he is disabled; (2) he is otherwise qualified to perform the essential functions of his job with or without reasonable accommodation; and (3) his employer took an adverse job action against him because of his disability or without making a reasonable accommodation for it. (*Basden v. Professional Transp., Inc*., 714 F.3d 1034, 1037 (7th Cir. 2013) (citing *Winsley v. Cook County*, 563 F.3d 598, 603 (7th Cir. 2009)).

Here, Plaintiff arguably satisfies the second element by alleging he was an experienced and proficient electrician (Amended Complaint, ¶13, 69). However, Plaintiff fails to identify his disability and makes no allegations that he is otherwise qualified to perform the essential functions of his job with or without reasonable accommodation. Moreover, the Amended Complaint is entirely devoid of any allegations connecting Plaintiff's February 23, 2016 to his alleged disability. Plaintiff simply alleges that he was required to provide medical documentation to support his February 23, 2016 sick day absence and was thereafter terminated for failing to do so. He fails to allege any further facts that the adverse action was because of his disability or that such action was made without Defendants having made a reasonable accommodation for his disability. Plaintiff's ADA claim suffers from many deficiencies, not the least of which is that there is no "disability" at issue for which an accommodation was requested. Accordingly, any such claim(s) must be dismissed.

**WHEREFORE**, Defendants, JAMES DERWINSKI, SHON GEORGE, ART OLSEN, and NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION d/b/a METRA

respectfully requests that this Honorable Court enter an Order granting its motion to dismiss and for any other relief that this Court deems appropriate.

          Respectfully submitted,

          **Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra**

By:    /s/ *Minya L. Coleman*_____
        Minya L. Coleman

April 13, 2018

Minya L. Coleman
A.R.D.C. #6315270
**Metra Law Department**
547 West Jackson Boulevard, 15th Floor
Chicago, Illinois 60661
312.322.7097
Email: mcoleman@metrarr.com